[No. B002735. Second Dist., Div. One. Nov. 29, 1984.]

SAM BARENFELD, Plaintiff and Appellant, v.
CITY OF LOS ANGELES, Defendant and Respondent.

[And four other cases.]‡

‡Century Hotel Company v. City of Los Angeles; Bruck v. City of Los Angeles; Goodman v. City of Los Angeles; Shelton v. City of Los Angeles.

## COUNSEL

Louis S. Edelberg and James H. Attaway for Plaintiffs and Appellants.

Ira Reiner, City Attorney, William B. Burge and Claudia McGee Henry, Assistant City Attorneys, and Sharon L. Siedorf, Deputy City Attorney, for Defendant and Respondent.

OPINION

HANSON (Thaxton), J.—Sam Barenfeld, Century Hotel Company, William Bruck, Irving Goodman, I. G. Properties and Sara E. Skelton (hereinafter collectively referred to as Plaintiffs) appeal from the trial court's order denying their motion for a preliminary injunction and the trial court's granting of the City of Los Angeles' (hereinafter City) motion for summary judgment. We affirm.

FACTUAL BACKGROUND

On February 13, 1981, Los Angeles Municipal Code section 91.6801 et seq.[1] (hereinafter Division 68) became effective with the stated purpose of promoting "public safety and welfare by reducing the risk of death or injury that may result from the effects of earthquakes or unreinforced masonry bearing wall buildings constructed before 1934." (§ 91.6801.)

Division 68's provisions apply to all buildings constructed prior to October 6, 1933, which have unreinforced masonry bearing walls except detached one or two-story family dwellings and detached apartment houses containing less than five dwelling units and used solely for residential purposes. (§ 91.6802.)

Division 68 ranks the buildings within the scope of its provisions according to the occupant load of the entire building. (§ 91.6804.) A building's rank, which ranges from I-IV, determines what time limits apply to the building.

Each of the Plaintiffs own one or more class II (high risk) buildings. Each Plaintiff has received an earthquake hazard reduction compliance order informing them of the dates by which they had to either fully comply with the structural repair work required by Division 68, submit a structural analysis demonstrating that their building already meets the minimum requirements of Division 68, install temporary safety devices thereby obtaining an extension of time within which to fully comply with Division 68's requirements, or demolish their building.

PROCEDURAL HISTORY

Each Plaintiff individually filed a complaint seeking a declaration that Division 68 is unconstitutional as applied to them. The Plaintiffs also sought a preliminary injunction prohibiting the City from enforcing Division 68

---

[1]Unless otherwise stated, all references are to the Los Angeles Municipal Code.

against the Plaintiffs during the pendency of the action. The actions were subsequently consolidated.

The Plaintiffs' motion for a preliminary injunction was denied on February 22, 1983.

On March 14, 1983, the City filed its motion for summary judgment pursuant to Code of Civil Procedure section 437c. The Plaintiffs filed their opposing papers on March 23, 1983. The City's motion for summary judgment was granted on April 13, 1983.

### ISSUES

On appeal, the Plaintiffs contend that the trial court erred in denying their motion for a preliminary injunction and in granting the City's motion for summary judgment. To support this contention, the Plaintiffs argue that Division 68 is an unreasonable exercise of the police power since it effectively takes private property for public use without compensation.

The City argues that the Plaintiffs failed to exhaust their administrative remedies.

### DISCUSSION

The City contends that the Plaintiffs have failed to exhaust their administrative remedies before filing their complaints for declaratory relief. The Plaintiffs counter this contention by arguing that article III, section 3.5 of the California Constitution prohibits an administrative agency from declaring a statute unconstitutional and therefore pursuing their administrative remedies would have been futile. (Cf. *Mountain View Chamber of Commerce* v. *City of Mountain View* (1978) 77 Cal.App.3d 82, 93 [143 Cal.Rptr. 441], wherein the court held that the doctrine of exhaustion of administrative remedies applies to a constitutional challenge of a zoning ordinance.)

However, we need not decide this issue since the trial court, in granting the City's motion for summary judgment, specifically stated that its ruling was based on grounds other than the doctrine of exhaustion of administrative remedies.

■ Turning now to the issue of whether the trial court properly granted the City's motion for summary judgment, "[u]nder well established rules governing summary judgment motions, the affidavits of the moving party are to be strictly construed and those of the opponent liberally construed.

[Citation.] Nevertheless, a party opposing a motion for summary judgment which is supported by affidavits or declarations sufficient to sustain the motion, has the burden of showing that triable issues of fact exist." (*Chern* v. *Bank of America* (1976) 15 Cal.3d 866, 873 [127 Cal.Rptr. 110, 544 P.2d 1310].)

■ The gravamen of the dispute before the trial court was whether Division 68 was a valid exercise of the City's police power.

■ "In the exercise of its police power a legislative body is vested with a broad discretion to determine not only what the public interests require but what measures are necessary for the protection of such interest. [Citations.] Every intendment is to be indulged in by the courts in favor of the validity of its exercise. [Citations.] [¶] The determination by the legislative body of the facts warranting its action will not be set aside or disregarded by the courts unless the legislative decision is clearly and palpably wrong and such error appears beyond a rational doubt from facts or evidence which cannot be controverted. [Citations.] The courts will not nullify laws enacted under the police power unless they are manifestly unreasonable, arbitrary or capricious, having no real or substantial relation to the public health, safety, morals or general welfare. [Citations.] A court is not concerned with the wisdom or policy of the law and cannot substitute its judgment for that of the legislative body if there is any reasonable justification for the latter's action. [Citations.] If reasonable minds might differ as to the reasonableness of the ordinance [citations] or if the reasonableness of the ordinance is fairly debatable [citations], the ordinance must be upheld." (*Ratkovich* v. *City of San Bruno* (1966) 245 Cal.App.2d 870, 878-879 [54 Cal.Rptr. 333].)

■ Several declarations were incorporated by reference in the City's motion for summary judgment. These declarations demonstrated that not only do buildings containing unreinforced masonry walls pose a safety threat to the public but that the requirements of Division 68 bear a reasonable relationship to the object sought to be obtained.

In their opposition to the City's motion for summary judgment, the Plaintiffs attached declarations which stated that Division 68 did not bear a reasonable relationship to the object sought to be obtained.

Even when construing the conflicting declarations in a light most favorable to the Plaintiffs, it can only be said that the reasonableness of the ordinance can be fairly debatable. While a party's declarations in opposition to a motion for summary judgment normally only needs to raise an issue of fact in order to defeat the motion, the trial court, faced with the standard

of review set forth above, had an obligation to uphold the validity of the ordinance.

■ The Plaintiffs argue that since Division 68, in the name of public safety, forces them to either structurally improve or demolish their buildings at their own expense, Division 68 constitutes a taking of private property for public use without compensation.

The Plaintiffs are confusing the police power with eminent domain. "Under the police power, property is not taken for use by the public; its use by private persons is regulated or prohibited where necessary for the public welfare. [Citations.]" (5 Witkin, Summary of Cal. Law (8th ed. 1974) p. 3738.)

We therefore conclude that the trial court properly granted the City's motion for summary judgment.

■ We turn now to the issue of whether the trial court erred in denying the Plaintiffs' motion for a preliminary injunction.

■ "The grant or refusal of a preliminary injunction is, generally speaking, within the discretion of the trial court and its order may be reversed on appeal only if abuse of discretion is shown." (*Gosney* v. *State of California* (1970) 10 Cal.App.3d 921, 924 [89 Cal.Rptr. 390].)

"Discretion is abused in the legal sense 'whenever it may be fairly said that in its exercise the court in a given case exceeded the bounds of reason or contravened the uncontradicted evidence.' [Citations.]" (*Continental Baking Co.* v. *Katz* (1968) 68 Cal.2d 512, 527 [67 Cal.Rptr. 761, 439 P.2d 889].)

■ In deciding whether to grant a preliminary injunction, "the court examines all of the material before it in order to consider 'whether a greater injury will result to the defendant from granting the injunction than to the plaintiff from refusing it; . . .' [Citations.] In making that determination the court will consider the probability of the plaintiff's ultimately prevailing in the case and, it has been said, will deny a preliminary injunction unless there is a reasonable probability that plaintiff will be successful in the assertion of his rights. [Citations.]" (*Continental Baking Co.* v. *Katz, supra,* 68 Cal.2d at p. 528.)

■ In the case at bench, the trial court judge who heard the preliminary injunction motion had the same declarations and documents that were subsequently presented to the trial court judge deciding the City's motion for

summary judgment. Based on these declarations and documents, the trial court correctly concluded that the Plaintiffs were not likely to prevail on the merits.

Furthermore, in balancing the hardships, it was a choice between potential financial loss on the part of the Plaintiffs versus potential loss of life on the part of the public. It cannot be disputed that the trial court correctly balanced the hardships.

We therefore conclude that the trial court did not abuse its discretion in denying the Plaintiffs' motion for a preliminary injunction.

## DISPOSITION

The trial court's granting of the City's motion for summary judgment and denial of the Plaintiffs' motion for a preliminary injunction are affirmed.

Spencer, P. J., and Lucas, J., concurred.